ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: swanise@gtlaw.com

CASEY SHPALL, ESQ.
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1144 15th Street, Suite 3300
Denver, Colorado 8020
Telephone:  (303) 572-6500
Email:  shpallc@gtlaw.com

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NESTOR GRIEGO,<br><br>               Plaintiff,<br><br>v.<br><br>C. R. BARD, INCORPORATED and BARD<br>PERIPHERAL VASCULAR, INCORPORATED,<br><br>               Defendants. | CASE NO. 2:21-cv-00325-JAD-BNW<br><br>**STIPULATION AND [PROPOSED]<br>ORDER TO STAY DISCOVERY AND<br>ALL PRETRIAL DEADLINES**<br><br>**[THIRD REQUEST]** |

Plaintiff Nestor Griego and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") (Plaintiff and Bard are collectively referred to herein as "the Parties") pursuant to Fed. R. Civ. P. 26 and the Court's inherent powers, respectfully request that this Court enter an Order temporarily staying discovery and all pretrial deadlines imposed by the Court, the Local Rules, and the Federal Rules of Civil Procedure for an additional ninety (90) days to permit them to continue negotiations to finalize settlement of this and all cases of Plaintiff's counsel recently remanded from

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1  the MDL pursuant to the MDL Court's February 11, 2021 Amended Suggestion of Remand and

2  Transfer Order (Fifth) ("Fifth Remand Order").

3       Plaintiff's counsel and Defendants have settled in principle numerous cases in the MDL

4  concerning Bard inferior vena cava ("IVC") filters. The Parties believe that a stay is necessary in this

5  remanded case to conserve their resources and attention so that they may attempt to resolve it and the

6  claims of other such plaintiffs represented by Plaintiff's counsel that were recently remanded to

7  district courts across the country. Accordingly, the Parties jointly request that the Court enter a stay

8  of discovery and all pretrial deadlines in this case for a period of ninety (90) days. If Plaintiff has not

9  filed dismissal papers within ninety (90) days from the stay being granted, the Parties request the

10  opportunity to file a joint status report regarding the status of the settlement.

11  ### I. Background

12       Plaintiff's counsel represents plaintiffs with cases in the *In re: Bard IVC Filters Products*

13  *Liability Litigation,* MDL 2641 (the "MDL"), as well as cases that have been transferred or remanded

14  from the MDL to courts across the country, involving claims against Bard for injuries they contend

15  arise out of their use of Bard's IVC filters. The Parties reached a settlement in principle concerning

16  the majority of the Plaintiff's counsel's IVC filter cases and have finalized the details of that

17  settlement with most of their clients. However, a small number of those plaintiffs "opted out" of the

18  settlement. The cases remanded pursuant to the MDL's Fifth Remand Order included those cases that

19  were previously dismissed but for which the MDL Court reinstated prior to remanding, since the

20  plaintiff had opted out of the settlement and a final settlement had not been reached. With respect to

21  these cases, including this one, counsel for the Parties have renewed and continued their discussions

22  in an attempt to achieve a settlement of the cases of these remaining plaintiffs represented by

23  Plaintiff's counsel. Counsel for the Parties believe that their resources are best directed to focusing

24  their efforts on potential settlement discussions, especially given their past history of successful

25  settlement discussions relating to cases in this MDL. Thus, the Parties respectfully move this Court

26  to enter a stay of all discovery and pretrial deadlines in this case for a period of ninety (90) days.

27  / / /

28  / / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

## II. Arguments and Authorities

**A.     The Court Has Authority to Grant the Requested Stay.**

Pursuant to Federal Rules of Civil Procedure 6(b) and 26, and the Court's inherent authority and discretion to manage its own docket, this Court has the authority to grant the requested stay. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time the court may, for good cause, extend the time...."); Fed. R. Civ. P. 26(a) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."). This Court therefore has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006) (*citing Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

A stipulation to stay proceedings, like the Parties seek here, is an appropriate exercise of this Court's jurisdiction. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (explaining a court's power to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket to save the time and effort of the court, counsel, and the parties).

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Id*. (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (district courts possess "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants"); *Garlock Sealing Tech., LLC v. Pittsburgh Corning Corp. (In re Pittsburgh Corning Corp.)*, No. 11-1406, 11-1452 2012 U.S. Dist. LEXIS 86193, *11 (W.D. Mo. June 21, 2012) (noting that a court's power to stay proceedings is incidental to its power to control the disposition of causes on its docket).

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*ACTIVE 61525137v1*

Furthermore, Federal Rules of Civil Procedure 26(c) and 26(d) also vest the Court with authority to limit the scope of discovery or control its sequence and may grant a stay to allow parties to negotiate a settlement. *Britton*, 523 U.S. at 598.

**B. Good Cause Exists to Grant the Requested Stay.**

Plaintiff and Defendants are continuing to engage in settlement negotiations. The Parties further and in good faith believe that a final settlement is forthcoming that shall resolve this and other cases within the inventory, especially given their past history of successful settlement discussions relating to cases in this MDL. The Parties do not seek a stay in bad faith, to unduly burden any party or the Court or cause unnecessary delay, but to support the efficient and expeditious resolution of this litigation. Granting the stay here will certainly save the time and effort of the Court, counsel, and the parties, promote judicial economy and effectiveness, and provide counsel an opportunity to resolve their issues without additional litigation expenses for their clients.

Facilitating the Parties' efforts to resolve their dispute entirely through settlement negotiations is reasonable and constitutes good cause for granting the requested stay of discovery and other pretrial deadlines. The Parties agree that the relief sought herein is necessary to handle the case in the most economical fashion, and that the relief sought in this agreed stipulation is not for delay, but so that justice may be done.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

ACTIVE 61525137v1

4

### III. Conclusion

For the foregoing reasons, the Parties respectfully request that the Court enter a stay of all activity in this case, for a period of ninety (90) days. If Plaintiff has not filed dismissal papers within ninety (90) days from the stay being granted, the Parties request the opportunity to file a joint status report regarding the status of the settlement.

Respectfully submitted,


DATED this 8th day of December, 2021.


**AYLSTOCK WITKIN KREIS**              **GREENBERG TRAURIG, LLP**
**OVERHOLTZ, PLLC**

By: _/s/ Douglass A. Kreis_                By:  /s/ Eric W. Swanis
DOUGLASS A. KREIS, ESQ.                  ERIC W. SWANIS, ESQ.
dkreis@awkolaw.com                       Nevada Bar No. 6840
17 East Main St., Suite 200              10845 Griffith Peak Drive, Suite 600
Pensacola, FL  32502                     Las Vegas, Nevada 89135
                                         Telephone: (702) 792-3773
*Admitted pro hac vice*                  Facsimile: (702) 792-9002
*Counsel for Plaintiff*                  Email: swanise@gtlaw.com

                                         CASEY SHPALL, ESQ.
                                         *Admitted Pro Hac Vice*
                                         **GREENBERG TRAURIG, LLP**
                                         1144 15th Street, Suite 3300
                                         Denver, Colorado 8020
                                         Telephone:  (303) 572-6500
                                         Email:  shpallc@gtlaw.com

                                         *Counsel for Defendants*


### Order

IT IS ORDERED that ECF No. 24 is GRANTED.
IT IS FURTHER ORDERED that a stipulation to
dismiss is due by 3/10/2022.

**IT IS SO ORDERED**

**DATED:** 1:11 pm, December 09, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

*ACTIVE 61525137v1*

## CERTIFICATE OF SERVICE

I hereby certify that December 8, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service:

Douglass Alan Kreis, Esq.
AYLSTOCK WITKIN KREIS OVERHOLTZ, PLLC
17 East Main St., Suite 200
Pensacola, FL  32502
dkreis@awkolaw.com

Billie-Marie Morrison, Esq.
Craig P. Kenny & Assoc.
501 South 8th St.
Las Vegas, NV  89101-7002
bmorrison@cpklaw.com

*/s/ Shermielynn Irasga*
An employee of GREENBERG TRAURIG, LLP

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002

*ACTIVE 61525137v1*